# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JESUCRISTO LOPEZ,** <br>     Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br>     Respondent. | ) <br> ) <br> )   **CIVIL ACTION NO. 13-00325-KD-B** <br> ) <br> )   **CRIMINAL ACTION NO. 10-00158-KD-B** <br> ) <br> ) |

## ORDER

This action is before the Court on the Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docs. 111, 112[1]) ("the Petition") filed by the Petitioner, Jesucristo Lopez ("Lopez"), a federal prisoner proceeding *pro se*;[2] the Government's Response in opposition (Doc. 116); and Lopez's Reply (Doc. 117) to the Response.[3] The Petition has been fully briefed and taken under submission. (See Doc. 113). Upon consideration, the Court finds that the Petition is due to be **DENIED**, that this action is due to be **DISMISSED with prejudice**, and that Lopez is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.[4]

---

[1] All docket citations refer to the docket of the criminal action.

[2] The Court abides by the Eleventh Circuit's directive that "courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." E.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

[3] Lopez's original Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 109) was "not on this Court's form[,]" and Lopez was ordered to "to complete and file…this Court's current form for a petition under 28 U.S.C. § 2255." (Doc. 110). Lopez was told that his "new petition will supersede his original petition; therefore, [Lopez] shall not rely upon his original petition." (Id.). Lopez has timely filed his amended Petition in accordance with the Court's Order. Accordingly, Lopez's original Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 109) is **DENIED as MOOT**.

[4] As "the motion and the files and records of the case conclusively show that [Lopez] is entitled to no relief," 28 U.S.C. § 2255(b), the Court finds that an evidentiary hearing is not warranted under § 2254(b) and Rule 8 of the Federal Rules Governing Section 2255 Cases in the United States District

I.  Analysis

a.  Petition Claims

Lopez, who pled guilty in his criminal action, now seeks "vacatur of sentence, withdrawal of plea and dismissal of indictment" or, alternatively, "that the plea be amended to…possession of 60 Kg of maraijuana [sic] and the sentence be reduced to time served with all appeal rights preserved." (Doc. 111-1 at 39. See also Doc. 111 at 11).

For the reasons set forth in the Government's response (Doc. 116), which the Court **ADOPTS** as its own reasoning, the Court finds that Lopez is due no relief on any of the grounds alleged in the Petition. However, Lopez's ineffective assistance of counsel claims as to attorney Michael McDuffie require further discussion.[5]

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). See also United States v. Betancourth, 554 F.3d 1329, 1332 (11th Cir. 2009) (finding that an unconditional guilty plea waives all nonjurisdictional challenges to a defendant's conviction). Stated differently, "a voluntary and intelligent plea made by an accused person, who has been

---

Courts.

[5] A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review. See United States v. Valencia-Trujillo, 462 F. App'x 894, 897 (11th Cir. 2012) ("District court orders 'should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.' Danley v. Allen, 480 F.3d 1090, 1090, 1091 (11th Cir. 2007). That principle, however, does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling. Valencia–Trujillo's motion and the government's response, as well as the exhibits and attachments submitted to the district court, provide a sufficient basis for our review of the merits in this case."); 11th Cir. R. 36-2 (effective April 1, 2014) ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). The Court finds that the Government's Response (Doc. 116) is quite sufficient in this regard with the exception of that portion addressing Lopez's claims of ineffective assistance of counsel against McDuffie.

advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). Therefore, when a § 2255 motion is filed collaterally challenging convictions obtained pursuant to guilty pleas, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). See also Bousley v. United States, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.' (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).

> "A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.' " Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716, 64 L. Ed. 2d 333 (1980) (quoting McMann[ v. Richardson], 397 U.S. [759,] 770, 90 S. Ct. [1441,] 1448[ (1970)]). The Supreme Court has held "that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); Slicker v. Dugger, 878 F.2d 1380, 1381 n.1 (11th Cir. 1989) (per curiam); Holmes v. United States, 876 F.2d 1545, 1551 (11th Cir.1989); McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986) (per curiam). In order to obtain relief under the familiar Strickland test, a usual basis of appeal in habeas corpus petitions, a convicted defendant complaining of ineffective assistance of counsel must show: 1) "that counsel's representation fell below an objective standard of reasonableness," and 2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674 (1984); Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) (per curiam); see Futch v. Dugger, 874 F.2d 1483, 1486 (11th Cir. 1989); Tafero v. Wainwright, 796 F.2d 1314, 1319 (11th Cir. 1986) (per curiam), cert. denied, 483 U.S. 1033, 107 S. Ct. 3277, 97 L. Ed. 2d 782 (1987). Without both showings, a defendant's conviction or []sentence cannot be attributed to "a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
>
> Under the first part of the Strickland test, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." 466 U.S. at 688, 104 S. Ct. at 2065. As a corollary, the appropriate standard for evaluating counsel's pretrial investigation is "reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." 466 U.S. at 691, 104 S. Ct. at 2066; Foster v. Dugger, 823 F.2d 402, 405 (11th Cir. 1987), cert. denied, 487 U.S. 1241, 108 S. Ct. 2915, 101 L. Ed. 2d 946 (1988); see Greene v. United States, 880 F.2d 1299, 1306 (11th Cir. 1989), cert.

denied, 494 U.S. 1018, 110 S. Ct. 1322, 108 L. Ed. 2d 498 (1990); Futch, 874 F.2d at 1486; see also Chatom[ v. White], 858 F.2d [1479,] 1485[ (11th Cir. 1988)] ("Counsel's representation must be shown to fall below an objective standard of reasonableness."). The Court also noted that an attorney had an obligation "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." Strickland, 466 U.S. at 688, 104 S. Ct. at 2065. The Court, however, recognized that "[j]udicial scrutiny of counsel's performance must be highly deferential," and that courts should make certain "that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689, 104 S. Ct. at 2065; Foster, 823 F.2d at 405. In order to succeed on an ineffective assistance of counsel claim, a defendant must surmount "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Chatom, 858 F.2d at 1485.

Overcoming the first part of the Strickland test does not guarantee relief. Regarding the second part of the test, the Court has recognized that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691, 104 S. Ct. at 2066. Moreover, Hill clarified the Strickland second or "prejudice" requirement in the context of guilty pleas: "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S. Ct. at 370; Tahamtani v. Lankford, 846 F.2d 712, 714 (11th Cir. 1988) (per curiam); see Long v. United States, 883 F.2d 966, 968 n.4 (11th Cir. 1989) (per curiam); Agan v. Dugger, 835 F.2d 1337, 1340 n.6 (11th Cir. 1987), cert. denied, 487 U.S. 1205, 108 S. Ct. 2846, 101 L. Ed. 2d 884 (1988); see also Holmes, 876 F.2d at 1553, Slicker v. Wainwright, 809 F.2d 768, 770 (11th Cir. 1987) (These cases were remanded to the district court to determine if accurate, rather than incorrect, information by the defense counsel as to the length of sentence would have changed the defendant's plea.); cf. Betancourt v. Willis, 814 F.2d 1546, 1549 (11th Cir. 1987) (This court affirmed the district court's granting a habeas corpus petition based upon its conclusion that petitioner's plea was not voluntary and that his counsel provided ineffective assistance because the evidence was "uncontroverted that petitioner was completely unaware of the ultimate consequences of his plea because his counsel misrepresented the existence of a sentence reduction agreement."). The Hill court explained the prejudice requirement with specific regard to a defense counsel's alleged failure to investigate potentially exculpatory evidence:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially

> exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.[6]

474 U.S. at 59, 106 S. Ct. at 370; McCoy, 804 F.2d at 1198–99.

The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973); see Tiemens v. United States, 724 F.2d 928, 929 (11th Cir.) (per curiam) ("[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process."), cert. denied, 469 U.S. 837, 105 S. Ct. 134, 83 L.Ed.2d 74 (1984). The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions" in his **1151** counsel's advice regarding the plea. McMann, 397 U.S. at 774, 90 S. Ct. at 1450; Tollett[ v. Henderson], 411 U.S. [258,] 267, 93 S. Ct. [1602,] 1608[ (1973)]; see Hill, 474 U.S. at 56, 106 S. Ct. at 369 ("The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970)). Without "reasonably effective assistance of counsel in connection with the decision to plead guilty," a defendant cannot enter a knowing and voluntary plea because the plea does not represent an informed choice. McCoy, 804 F.2d at 1198; Scott[ v. Wainwright], 698 F.2d [427,] 429[ (11th Cir. 1983)]. Based upon his familiarity with the facts and law, defense counsel must advise the defendant. Scott, 698 F.2d at 429. "Counsel's advice need not be errorless, and need not involve every conceivable defense, no matter how peripheral to the normal focus

---

[6] Hill continued:

Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. See, e.g., Evans v. Meyer, 742 F.2d 371, 375 (CA7 1984) ("It is inconceivable to us ... that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received"). As []explained in Strickland v. Washington, []these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." Id., 466 U.S., at 695, 104 S. Ct., at 2068.

474 U.S. at 59-60.

> of counsel's inquiry, but it must be within the realm of competence demanded of attorneys representing criminal defendants." Id. (emphasis added); see McMann, 397 U.S. at 771, 90 S. Ct. at 1449; Long, 883 F.2d at 969.
>
> The Supreme Court has recognized that the decision to plead guilty may occur without all of the state's evidence and necessarily takes place without knowledge of all facts revealed by witnesses at trial. McMann, 397 U.S. at 769–70, 90 S. Ct. at 1448. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam); Downs–Morgan v. United States, 765 F.2d 1534, 1539 (11th Cir. 1985). An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each. Tafero, 796 F.2d at 1320; Thompson v. Wainwright, 787 F.2d 1447, 1451 (11th Cir. 1986), cert. denied, 481 U.S. 1042, 107 S. Ct. 1986, 95 L. Ed. 2d 825 (1987)…

Stano v. Dugger, 921 F.2d 1125, 1149-51 (11th Cir. 1991) (*en banc*) (footnote omitted). Accord, e.g., Jones v. White, 992 F.2d 1548, 1557 (11th Cir. 1993) ("The Supreme Court has held 'that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel.' Hill, 474 U.S. at 58, 106 S. Ct. at 370. Under the Strickland test, Garrett initially must show 'that counsel's representation fell below an objective standard of reasonableness.' Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). While it need not be errorless, counsel's advice '*must be within the realm of competence demanded of attorneys representing criminal defendants.*' Stano, 921 F.2d at 1151. Providing meaningful advice on the options available to a defendant obligates counsel 'to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' Strickland, 466 U.S. at 691, 104 S. Ct. at 2066. Hill modified the second part of the Strickland test in the context of a guilty plea. Garrett 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' 474 U.S. at 59, 106 S. Ct. at 370.").

Lopez details a number of actions by McDuffie, some (if true) quite peculiar, that he claims demonstrate ineffective assistance (see Doc. 111-1 at 26-32). The Court need not consider many of these allegations, as Lopez's guilty plea "preclude[es] claims of constitutional deprivations occurring prior to entry of the plea." Stano, 921 F.2d at 1150. However, assuming that any of this conduct could be characterized as deficient performance affecting the voluntariness or intelligence of the plea, Lopez has not claimed that he was prejudiced by it – that is, he has not claimed that "but for [McDuffie]'s errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.[7] Rather, Lopez blames his entering a guilty plea based on his own alleged surprise and misunderstanding regarding the plea, as well as coercion by McDuffie.

Specifically, Lopez now claims that he had "no prior notice" of his guilty plea "and presented a plea only because McDuffie told him to do so." (Doc. 111-1 at 27. See also Doc. 117 at 8). He claims he "didn't know what a plea agreement was, never read it, and, being unfamiliar and afraid, he just did as he was told." (Doc. 117 at 9). He claims that he and McDuffie "did not review the plea agreement[,]" that he "was requested to hurriedly sign the plea without review, or discussion and return it to counsel[,]" and that he "only saw the signature page." (Doc. 111-1 at 22). He claims he "regarded the 'plea' as an apology, and not a concession of criminal conduct" and that he "errantly believed that pleading guilty was a procedure to gain favor in the proceedings, and nothing more." (Id. at 21. See also Doc. 117 at 8-9 ("He hoped…this 'plea' business would somehow get the judge to look into his case.")). Lopez claims that he "wanted to go to trial, and told McDuffie this, but, through ignorance and

---

[7] "When applying Strickland, [courts] are free to dispose of ineffectiveness claims on either of its two grounds." Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998) (citing Strickland, 466 U.S. at 697).

McDuffie's subversive intent, was prompted to make incriminating statements contrary to Rule 11 standards." (Doc. 111-1 at 22-23).

As touched on in the Government's Response (Doc. 116), however, each of these claims is directly contradicted by testimony from Lopez's plea colloquy. The record reflects that at Lopez's guilty plea hearing, the Court engaged him in a colloquy under oath that included the following questions and answers:

> Q: Please state your full name.
>
> A: Jesucristo Lopez.
>
> Q: …How old are you?
>
> A: I'm 29.
>
> Q: How far did you go in school?
>
> A: 10th grade.
>
> Q: Can you read and write the English language?
>
> A: Yes, ma'am.
>
> Q: Have you had any problem communicating with your attorney?
>
> A: No, ma'am.
>
> Q: Are you fully satisfied with his advice and representation?
>
> A: Yes, ma'am.
>
> Q: Have you ever been treated for any type of mental illness?
>
> A: No, ma'am.
> …
>
> Q: Are you currently under the influence of any type of drug, alcohol or medication?
>
> A: No, ma'am.

Q: Okay. And you are pleading pursuant to a plea agreement, is that correct?

A: Yes, ma'am.

Q: Okay. And the plea agreement provides that in return for your guilty plea to Count One and Four the government is going to recommend that you be sentenced at the low end of the guidelines. They also have indicated if you substantially cooperate with them that they will recommend you be sentenced below the guidelines. Is that the way you understand the plea agreement?

A: Yes, ma'am.

Q: It also--the plea agreement provides that in return four [sic] your guilty plea they will dismiss the remaining charges but also that your are waiving your right to appeal the sentence that I give you. Do you understand that?

A: Yes, ma'am.

Q: That means you agreed to that?

A: Yes, ma'am.

Q: …[D]id you read that plea agreement and go over it with your attorney before you signed it?

A: Yes, ma'am.
…
Q: Now, has anybody tried to force you to plead guilty today?

A: No, ma'am.
…
Q: Okay. Now, you have a right to continue your [sic] in your plea of not guilty and we will have a trial. At trial you would be presumed innocent. The government would have to prove your guilt beyond a reasonable doubt. At trial you would have the right to the assistance of counsel. You will have the right to cross-examine the Government's witnesses. You would have the right to compel witnesses to attend the trial on your own behalf. You would also have the right to choose to testify or not testify. If you have chose not to have testify [sic] that fact could not be used against you. But do you understand by pleading guilty today there will not be a trial?

> A: Yes, ma'am.
>
> Q: Is that what you want?
>
> A: Yes.
>
> THE COURT: The government would summarize the evidence and give me the elements please.
>
> [Counsel for Government gives elements and summary of evidence regarding the offense]
>
> Q: Do you agree the government could prove those facts against you?
>
> A: Yes, ma'am.
>
> Q: How do you plead?
>
> A: Guilty.

(Doc. 89 at 2-8 [Official Transcript of Guilty Plea Hearing]).

In the Eleventh Circuit, there is "a 'strong presumption' that statements made by the defendant during his plea colloquy are true." United States v. Cardenas, 230 F. App'x 933, 935 (11th Cir. 2007) (citing United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994)). "[T]herefore, 'when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.'" Id. (quoting United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988)). Lopez has made no attempt to explain how and why his guilty plea testimony should now be deemed false.[8] Rather, his statements appear to be a mere case of buyer's remorse.

Therefore, the Court finds that the Petition (Docs. 111, 112) is due to be **DENIED** and this action **DISMISSED with prejudice**.

---

[8] Lopez conclusorily asserts in his reply that Rule 11 was not "adhered to" because "the trial judge abandoned impartiality…" (Doc. 117 at 9). Lopez provides no factual support for this argument,

### b. Certificate of Appealability

Pursuant to Rule 11(a) of the Federal Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). "[A] COA does not require a showing that the appeal will succeed." Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). Rather, "[a] prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part. [The Court] do[es] not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338 (internal citation and quotations omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds that no reasonable jurist would find its assessment of the constitutional claims presented debatable or wrong. Accordingly, Lopez is not entitled to a Certificate of Appealability in this action.

---

and the Court rejects it as meritless.

### c. Appeal *in forma pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). See also Weaver v. Patterson, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), report and recommendation adopted, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)."). But see, e.g., United States v. McCray, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not

entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Upon consideration, the Court finds and certifies that any appeal by Lopez in this action would be without merit and therefore not taken in good faith. Accordingly, Lopez is not entitled to appeal *in forma pauperis*.

## II. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that that Lopez's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docs. 111, 112) is **DENIED** and that this action is **DISMISSED with prejudice**. It is further **ORDERED** that Lopez is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58 shall issue by separate document.[9]

**DONE** and **ORDERED** this the **24th** day of **June 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[9] See Sassoon v. United States, 549 F.2d 983, 984 (5th Cir. 1977) ("The time limits of Rule 4(a) [of the Federal Rules of Appellate Procedure ]run from the entry of the judgment or order appealed from. In the other contexts in which Rule 4(a) applies, Fed. R. Civ. P. 58 ordinarily dictates when a judgment can be considered effective, and the application of Rule 58 to section 2255 cases consequently seems appropriate as well."); United States v. Johnson, 254 F.3d 279, 283-85 (D.C. Cir. 2001) ("Several of our sister circuits have applied Rule 58 to § 2255 proceedings. Only the Second Circuit has declined to do so . . . We find ourselves in agreement with the bulk of the circuits and in disagreement with the Second . . . We therefore follow Rule 11's express direction to apply FRAP 4(a) to § 2255 appeals, and then follow FRAP 4(a)'s equally clear direction to apply Federal Rule of Civil Procedure 58 to determine when a judgment is entered and hence when the time for appeal begins.").